# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

Francine Smith,
    Plaintiff,
v.

State of Connecticut - Judicial Branch,
    Defendant(s).

Case No. 3:22CV18 (OAW)
(To be supplied by the Court)

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION

1. Plaintiff resides at the following location: 38 North Sheffield Street, Hamden, CT  06517

2. Defendant(s) reside(s) at the following location [Attach additional sheets if more space is required]: Attn:  Melanie Buckley, State of CT Judicial Branch Administrative Services Division, 90 Washington Street, 4th Floor, Hartford, CT  06016: James T. O'Conner, Esq., Attorney, Legal Services, CT Judicial Branch, 100 Washington Street, 3rd Floor, Hartford, CT 06106

3. This action is brought pursuant to [Check all spaces that apply to the type of claim(s) you wish to assert against the Defendant(s)]:

☒ Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, et seq., for employment discrimination on the basis of race, color, religion, sex, or national origin.  Jurisdiction is specifically conferred on this Court by 42 U.S.C. § 2000e-5(f).  Equitable and other relief is sought under 42 U.S.C. § 2000e-5(g) and the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

☒ Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, et seq., for employment discrimination based upon age.  Jurisdiction is alleged pursuant to 28 U.S.C. §§ 1331, 1337, and/or 1343.  Equitable and other relief is sought under 29 U.S.C. §§ 626(b) and (c) or  §§ 633a(b) and (c).

My Year of Birth is: 1962                  .

☐ Rehabilitation Act of 1973, as amended, 29 U.S.C. §§ 701, et seq., for employment discrimination on the basis of a disability against an employer which constitutes a program or activity receiving Federal financial assistance. Jurisdiction is asserted under 28 U.S.C. §§ 1331, 1337 and/or 1343. Equitable and other relief is sought under 29 U.S.C. § 794a.

☐ Americans with Disabilities Act of 1990, as amended, 42 U.S.C. §§ 12101, et seq., for employment discrimination on the basis of a disability against a private employer. Jurisdiction is specifically conferred on this Court by 42 U.S.C.§ 2000e-5(f). See 42 U.S.C. § 12117(a). Equitable and other relief is sought pursuant to 42 U.S.C. § 2000e-5(g). Id.

4. The acts complained of in this suit concern [Check all spaces that are applicable to your claim(s)]:

(A) ☐ Failure to hire me. I was refused a job on the following date(s): _____.

(B) ☐ Termination of my employment. I was terminated from my employment on the following date: _____.

(C) ☒ Failure to promote me. I was refused a promotion on the following date(s): On-going from 2010 - 2019 _____.

(D) ☒ Other acts as specified below: Mislead Complainant to believe that she was being promoted, told that if probation was not successful, Complainant would be returned to position. While under probationary period, asked to be returned to position Respondent refused to let Complainant return to position, terminating complainant. Told by HR that if position is accepted status would not be loss if position did not work out. New position took Complainant back to new employee after 21 years of services w/ MS Degree. Complainant was mislead. Promissory Estoppel.

2

5. The conduct of the Defendant(s) was discriminatory because it was based upon: race [ ], color [ ], religion [ ], sex [ ], age [X], national origin [ ] or disability [ ]. [Please check all applicable bases for your claim of discrimination and explain further, if necessary]: Respondent said due to Complainant's age it is too much competition for a promotion.

Respondent later recanted what was said to Complainant as the reason a promotion never granted.

6. The facts surrounding my claim of employment discrimination are as follows [Attach additional sheets, if necessary]:

Complainant worked for Respondents more than 20 years. Complainant file a Superior Court suit in 2009 alleging many discriminatory behaviors including failling to promote Complainant. Complainant earned a Master's Degree in 2013. Continuing to seek upward mobility, in June 2019, Complainant called HR to inquire about the lack of interviews and/or not being able to get a promotion. Complainant was told by Ms. Gensheimer that she reviewed Complainant's profile, said that "We" are about the same age and it is simply hard at our age to get promoted. Ms. Gensheimer went on to say that the competition is too much out there. Ms. Gensheimer paused before terminating the call immediately. Within 2 weeks other State agency showed a sudden despiration to employee Complainant. It cost me my job in its entirety.

7. The approximate number of persons who are employed by the Defendant employer I am suing is: 1000.

8. The alleged discrimination occurred on or about the following date(s) or time period: 6/2019 - 9/2019.

3

9. I filed charges with the:

☒ Equal Employment Opportunity Commission

☒ Connecticut Commission on Human Rights and Opportunities

10. The Equal Employment Opportunity Commission issued a Notice of Right to Sue letter **(copy attached)**, which I received on or about the following date: 10/06/2021.
[**NOTE:** If you filed charges with the EEOC or the CHRO, you **MUST** attach a copy of the Notice of Right to Sue letter for this Court to consider your claim(s). Failure to do so may result in delaying consideration of your claim(s).]

11. The EEOC or the CHRO determined that there was no probable cause to believe that discrimination occurred. My reasons for questioning that determination are as follows [Attach additional sheets, if necessary]: Ms. Gensheimer changed her story 3 times, Complainant never met Ms. Gensheimer to know that we were about the same age as said by Ms. Gensheimer. Then the sudden interest in Complainant by other state agency started out as a sudden promotion and then complainant was told that there is no returning to position regardless of probation.

12. If relief is not granted, I will be irreparably denied rights secured under the law(s) referred to in Item Number 3, above.

13. WHEREFORE, Plaintiff(s) pray(s) that: The Court grant such relief as may be deemed appropriate, including [**NOTE:** While all of the forms of relief listed below may not be available in a particular action, you should place a check next to each form of relief you seek.]:

☒ Injunctive orders (specify the type of injunctive relief sought): Position re-instated w/trianing and promotion. Mental Anguish and Emotional Distress (F.S.)

☐ Backpay;

4

☒ Reinstatement to my former position;

☒ Monetary damages (specify the type(s) of monetary damages sought): __

Pay was taken back to Step 1. Seeking consulation fees and other damages as the court deems. ;

☒ Other (specify the nature of any additional relief sought, not otherwise provided for on this form): Therapy fees, etc.

_____ ;

AND costs and attorneys' fees.

### JURY DEMAND

I hereby   DO ☒   DO NOT ☐ demand a trial by jury.

_____   _____
Original signature of attorney (if any)   **Plaintiff's Original Signature**

Printed Name and address   *Francine Smith*
Printed Name and address
38 North Sheffield Street

_____   _____
                                          Hamden, CT 06517

( )                                       (203 )584-4743
Attorney's telephone                      Plaintiff's telephone

                                          Francine.smith132@gmail.com
Email address if available                Email address if available

Dated: 01/05/2022

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares under penalty of perjury that he/she is the plaintiff in the above action, that he/she has read the above complaint and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Executed at _____ on _____.
                 (location)                       (date)

*[signature]*
**Plaintiff's Original Signature**

(Rev. 3/23/16)

6

EEOC Form 161 (11/2020)      U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Francine Smith
38 North Sheffield Street
Hamden, CT 06517

From: New York District Office
33 Whitehall Street
5th Floor
New York, NY 10004

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 16A-2020-00314 | Holly M. Shabazz, State & Local Program Manager | (929) 506-5316 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: The EEOC will not proceed further with its investigation, and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

**- NOTICE OF SUIT RIGHTS -**
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*[signature]*

Judy A. Keenan,
District Director

October 6, 2021

*(Date Issued)*

Enclosures(s)

cc: Attn: Melanie Buckley
STATE OF CONNECTICUT JUDICIAL BRANCH
90 Washington Street 4th Fl
Hartford, CT 06106

James T. O'Conner, Esq.

January 5, 2022

To:   UNITED STATES DSTRICT COURT
      DISTRICT OF CONNECTICUT

<u>Francine Smith, Plaintiff</u>

V.

<u>State of Connecticut - Judicial Branch, Defendant</u>

In the above-named matter, Plaintiff would like a Summons issued for the Defendant in the named Complaint.

Respectfully,

*Francine Smith* (signature)

Francine Smith, Plaintiff